UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO CO., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:07CV2079 CDP |
| | ) |
| MARK TIDBALL, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Defendants are farmers who planted Monsanto's patented Roundup Ready soybeans.[1] Monsanto requires farmers to pay a technology fee for Roundup Ready soybeans in addition to the price of the seed and to sign a licensing agreement which permits them to use the seed for a single growing season only.[2] Monsanto alleges that defendants infringed its patents for Roundup Ready soybeans and breached the licensing agreements by saving and planting seed. Monsanto also asserts that the infringement was willful and seeks permanent injunctive relief, including barring defendants from ever purchasing or planting Roundup Ready

---

[1] Roundup Ready soybeans can be sprayed with Monsanto's Roundup herbicide without injury to the crop.

[2] Monsanto alleges that the licensing agreement prohibits seed purchasers from saving any of the crop produced from the purchased seed for planting or selling saved seed from the crop produced from the purchased seed, or otherwise supplying or transferring any seed produced from the purchased seed to anyone for planting.

soybeans again.

Monsanto moves for partial summary judgment, arguing that the only issue remaining for trial is damages. Defendants do not dispute the validity of Monsanto's patents, and in response to Monsanto's motion they admit infringement and consent to entry of partial summary judgment against them on this issue. However, defendants contend that disputed issues of material fact preclude entry of summary judgment against them on the breach of contract claim, the willfulness issue, and the appropriateness of injunctive relief.

Having reviewed the record in light of the relevant standards, I conclude that Monsanto's motion for partial summary judgment must be granted on the claims for patent infringement and denied on all other counts.[3] Genuine disputes of material fact preclude entry of summary judgment on Monsanto's breach of contract claim, and Monsanto has not demonstrated that it is entitled to judgment

---

[3]In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

as a matter of law on its claim of willful infringement. I will decide whether Monsanto is entitled to the injunctive relief it seeks following the trial of all remaining issues in this case.

**IT IS HEREBY ORDERED** that plaintiffs' motion for partial summary judgment [#38] is granted in part and denied in part as set forth above.

**IT IS FURTHER ORDERED** that this matter is set for **JURY TRIAL** on **Monday, June 8, 2009 at 8:30 a.m.** This is a two week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.  **Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4.  **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

**5. Instructions:** Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)

**6. Trial Brief:** Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7. Motions In Limine:** File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, at least ten (10) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2009.